UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:24-CR-316 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| MARTINO D. EUBANKS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On September 26, 2024, Defendant filed a motion requesting that the Court revoke the Magistrate Judge's prior order of detention, pursuant to 18 U.S.C. § 3145(b).  (ECF No. 17). Defendant requests the revocation of his detention order because the Magistrate Judge erred in finding that he failed to present sufficient evidence to rebut the presumption of detention under 18 U.S.C. § 3142(e)(3) and there are conditions that would ensure Defendant's presence in court and protect the community.  (*Id*. at PageID #100–07).  In the caption of Defendant's motion, he notes, "Oral Hearing Requested."  (*Id*. at PageID #97).

On October 3, 2024, the Government opposed Defendant's motion.  (ECF No. 19).  The Government argues that Defendant fails to overcome the presumption of detention under 18 U.S.C. § 3142(e)(3) because none of the evidence he presented establishes that he is not a danger to the community.  (*Id*. at PageID #119–21).  The Government notes that even if the Defendant meets his burden to overcome the presumption, no condition or combination of conditions would reasonably assure the safety of the community if Defendant were released pending trial.  (*Id*. at PageID #121–23).  The Government contends that an oral argument on this motion is not necessary.  (*Id*. at PageID #125).  The Court concurs.  Defendant's request for an oral hearing is

**DENIED**.

Under 18 U.S.C. § 3145(b), Defendant may move for the Court to revoke or amend the Magistrate Judge's August 26, 2024 detention order. (ECF No. 9). When a district court is moved to revoke a detention order under 18 U.S.C. § 3145(b), it may conduct *de novo* review of the magistrate judge's decision. *United States v. May*, 2020 WL 2464876 at *1 (N.D. Ohio May 13, 2020). The parties agree that there is a presumption of detention in this case pursuant to 18 U.S.C. § 3142(e)(3). (ECF No. 17, PageID #100; ECF No. 19, PageID #120). To rebut this presumption, Defendant must produce evidence that he does not pose a danger to the community or a risk of flight. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). The burden of production is not heavy but requires Defendant to introduce at least some evidence. *Id*.

Defendant has not met that burden. Defendant cites as evidence his lack of criminal history, strong family support, stable housing, employment, compliance with the conditions of his state court bond, and his daughter's care. (ECF No. 17, PageID #101–02). The Government argues that Defendant's evidence tends to indicate that Defendant may not be a flight risk, but it is not evidence that he does not pose a danger to the community. (ECF No. 19, PageID #121). Defendant's lack of criminal history, strong family support, housing, employment, and one-year old daughter were factors that already existed on June 10, 2024, when the events in the indictment allegedly occurred. (ECF No. 12). Thus, they are not evidence that Defendant does not pose a danger to the community.

The Court finds that Defendant's compliance while on state bond is evidence that Defendant may not pose a risk of flight, but it is not persuasive evidence that Defendant does not pose a danger to the community. In this case, Defendant was allegedly involved in an attempted carjacking in which Defendant allegedly shot the victim. The other persons allegedly involved in

the incident with Defendant fled. Defendant allegedly fled also but was apprehended. Defendant's purported good behavior while on state bond for just over two months does not ameliorate the Court's concerns about the danger Defendant poses to the community. The Court finds no error in the Magistrate Judge's conclusion that the presumption of detention has not been rebutted. The Court also agrees that no condition or combination of conditions can reasonably assure the safety of the community.

Defendant alleges that the Magistrate Judge erred by stating in the detention order that Defendant possessed a long gun at the time of the alleged offense. (ECF No. 17, PageID #104). The Government concedes that the Magistrate Judge incorrectly stated that Defendant carried a long gun, but clarified that Defendant possessed a handgun that contained 24 rounds of ammunition. (ECF No. 19, PageID #122). The Court acknowledges the error, but it is a difference without substance. No matter the kind of firearm allegedly possessed, the victim is alleged to have been shot with it by Defendant. Acknowledging that it was not a long gun does not have any effect on this Court's determination of the dangerousness/detention issue.

Defendant also alleges that an FBI agent told Defendant's family that if he turned himself in, he would be given a bond. (ECF No. 17, PageID #98–99). The Court notes as an initial matter that a law enforcement officer cannot make representations or promises that bind this Court to the issuance of a bond. That said, the evidence before the Court does not make out such a promise. The text messages offered by the defense (apparently between an FBI agent and a family member of Defendant) state in two different messages from the agent that he will "make the argument" to get Defendant released on bond with GPS (Global Positioning System) monitoring. (ECF No. 17, PageID #111). Stating that he will "make the argument" for bond is not a promise that this Court will release Defendant on bond. If those representations by the agent had the unfortunate effect of

3

making Defendant and/or his family believe that a bond in this matter was imminent, there is nothing the Court can do about that. Such statements by the agent are not promises that Defendant will receive a bond and do not affect this Court's decision regarding same.

Defendant contests that the Magistrate Judge erred by denying Defendant's request to be placed on GPS monitoring or home confinement. (ECF No. 17, PageID #105–06). The Government argues that the severity of Defendant's conduct demonstrates why less restrictive means than detention are insufficient to ensure the community's safety. (ECF No. 19, PageID #124). The Magistrate Judge agreed with the Government, citing that "[h]ome detention and electronic monitoring at best replicate a detention facility without the confidence of security such a facility instills." *United States v. Hanson,* 2022 WL 1813585, at *6 (N.D. Ohio May 3, 2022); (ECF No. 9, PageID #28). The Court agrees that, in this case, the presumption of detention has not been overcome, and there is clear and convincing evidence that no conditions of release will reasonably assure the safety of the community. Defendant's motion is **DENIED**. (ECF No. 17).

**IT IS SO ORDERED.**

Date: October 16, 2024

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**